FILED

DEC 2 8 2022

To Honorable John Preston Bailey

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

   I Barry Stadler docket 5:22CR29 am writing you because of concerns I have regarding my court appointed attorney Robert Mccoid.

   Firstly, I want to express my regrets for my actions that brought us to this point. I did admit my guilt in court and will serve whatever punishment I receive in this matter knowing it was my bad choices that got me here. I've spent my whole life as a door to door salesman selling cleaning products to businesses. I never

delivered drugs or engaged in any illegal activity leading to this point in my life. Also, in this case my only role was the delivery of the marijuana. I had absolutely no role in the purchase or sale of the substance. When covid hit, my ability to go out and continue my job going door to door ended and I didn't request any government aid, loans or programs that might have got me through this crisis. I'm not saying this to excuse my actions, but just to illustrate the truth of my circumstance.

   The purpose of my writing you is that I'm concerned that I might not have or am receiving adequate legal representation from my court appointed attorney. The reasons I feel this way, I shall now describe.
1. The morning I met with Mccoid prior to my arraignment. I did ask him if I were to plead guilty would it make any difference in the outcome, but I expressed I wanted his advice in
What he thought was the best way to proceed. He responded, Well early in, early out" "we have no case, they caught you red handed" "the US attorney is not offering you any deal". So, I took this as his advice and said ok if it saves me a trip that I would have to take again from Michigan for the next hearing to plead guilty and according to him get the same result. So he calls the US attorney Shawn and tells him I want to plead guilty. I was very confused and wasn't feeling confident I was making the right choice. Mccoid and Shawn seemed pleased at this choice and I started feeling like I wasn't sure if Mccoid was leading me the right direction. He repeated his reasoning, early in , early out. I told him now that I just wasn't sure, so he called Shawn back and told him that I wasn't sure now, but this is the part that made me feel really concerned. He tells Shawn on the phone. Don't worry, if he doesn't plead guilty now, he will at the next hearing. Then, as we walked to court, Mccoid says, In all my years as an attorney your my first client who has ever plead guilty at the arraignment. I'm thinking, why is he advising me to do this, why am I the first client he's ever recommended to do this. Being, I've no experience at all with courts and jail, I'm nervous and just taking his advice, but in the days following I'm reading about the time between the arraignment and the next hearing is the plea agreement phase and at that time my lawyer could possibly bargain for some better outcome or decrease in charges. I'm wondering at this point if by telling Shawn in that second phone call that I would plead guilty at the second hearing affected that possibility.

2. After the PSR came in that had a recommendation of a 30-37 month sentence, Robert's only advice to me was
  "If you ask for the 37 month sentence, you will qualify to possibly receive a 12 month reduction if you complete the RDAP. You would be gambling that 7mths to possibly get 12 mths off. He said, it's up to you, but he'd do that".
I immediately researched about the RDAP and found that the 30 mth sentence still would make 9 mths off as a possibility and doing the math was obviously less time. What really made me concerned about his advice was that it was telling in that it meant he wasn't going to argue anything on my behalf at getting a possible lower sentence.

A few weeks later I came across an article about Minor Role Adjustment. In that article it uses an example of when that adjustment would be used. That example says that in a drug case similar to mine, the person who has a role of just delivering the drugs from point A to point B is considered a drug mule and that person would get the adjustment because that person played the minor role. Upon reading this, I knew that description was exactly my circumstance. Now, that led me to wonder why my lawyer Mccoid has not raised this issue. I read that the adjustment would reduce my sentence by 6 mths and I'm thinking at this point I wouldn't even be in prison long enough to complete the RDAP, which means Mccoids advice was very bad. I feel like I'm fighting for my freedom or at least a fair process and why isn't my lawyer at least more knowledgeable or at least trying hard to get me the lowest sentence.
https://www.la-criminaldefense.com/what-is-a-minor-role-adjustment-in-a-federal-criminal-case/

3. Lastly, I came across this argument that expresses that the judge might be required to consider.
Taking Account of Evolving Marijuana Laws
in Federal Sentencing
Adam Davidson

The difference between becoming a successful entrepreneur
in a fast-growing industry and becoming a federal prisoner may
largely depend on which state you place your business in. This is
the reality for those in the marijuana business. This predicament
occurs because of two issues: the increasing spread of marijuana
legalization for both medical and recreational use at the state
level,' and the Department of Justice's decision not to enforce fed-
eral marijuana laws against those incompliance with their states
laws, while maintaining full enforcement against everyone else.?
While this seems unproblematic at first glance, 18 USC
$ 3553(a) provides that one of the factors judges must consider in
imposing a criminal sentence is "the need to avoid unwarranted
sentence disparities among defendants with similar records who
have been found guilty of similar conduct."s The sentence should
also "reflect the seriousness of the offense."Because the federal
government is willing to accede to popular will and forego enforce-
ment of marijuana laws in many states, the seriousness of the
offense is lessening. This selective enforcement has created a re-
gime in which some ostensible drug felons are allowed to become
entrepreneurs and others who commit the same acts go to prison.
As such, conforming to these two provisions suggests that a sub-
stantial downward variance from the sentence a court would or-
dinarily impose on a federal marijuana offender is appropriate
LBA 201 1, The Ohio State University; JD Candidate 2017, The University of Chicago
Law School..

I came across this article that might help me or  possibly the judge in my case might take into consideration. I passed this on to my attorney Robert Mccoid and he rebuked it. Told me that  states

that legalized marijuana do testing and that the drug lords from Mexico brings weapons and drugs across the border. I was a bit dumbfounded. Mccoid did not at all consider or understand the article that I thought seemed possibly besides the Minor Role Adjusment to be the most relevant argument that might help my outcome.

4  In conclusion, adding all of these concerns together it's become obvious that I don't have adequate representation in the minimum and that possibly his advise and actions have caused me not to have been afforded fair representation in the process. I have no way of knowing if my outcome will be better with a different lawyer, but I know I don't feel fairly represented as I should be.i don't know if I would have plead guilty at the arraignment. I don't know if this lawyer is even trying to get me the best outcome. Again, I apologize to all I've affected by my actions. My wife is very happy with me that I don't smoke anymore and I've had no problem stopping. I had quit for over 20 years and had just recently started smoking before this and I have a much clearer mind and look forward to putting this past me. My son just graduated college at Grand Valley State. I've supported him for 10 years to help him finally be the first graduate in our family of college. Im so proud. My step daughter Linda is special needs and will always live with us and I'm a very big part of her life. I make her laugh everytime I see her and I know she will miss my support in her lifelong struggle with her disabilities. Over 20 years years I've visited inner city schools motivating and supplying non toxic cleaners for students and volunteers to beautify schools and churches. I promise to lead a positive purposeful life in the future putting this bad mistake behind me.
    Sincerely
      Barry Stadler
616-734-5425
dorfster47@gmail.com